IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**AARON RILEY,**

        **Plaintiff,**

**v.**                                **Civil Action No. 5:07cv61**
                                       **(Judge Stamp)**

**JUDGE ROBERT MAXWELL**,

        **Defendant.**

## REPORT AND RECOMMENDATION

Th plaintiff, a *pro se* inmate, currently incarcerated at USP Allenwood in White Deer, Pennsylvania initiated this case pursuant to a civil rights complaint filed on May 7, 2007. On May 7, 2007, he was granted leave to proceed *in forma paperis*, and on August 15, 2007, the initial partial filing fee was paid. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

## I. The Complaint

In the complaint, the plaintiff alleges that he is seeking damages against the defendant's actions that lead to his wrongful conviction and incarceration. More specifically, the plaintiff alleges that on March 5, 2005, while presiding over the plaintiff's criminal proceeding, Judge Maxwell violated his constitution right to due process by ruling on his nationality claims. The plaintiff maintains that the district courts do not have jurisdiction to resolve claims of nationality, but rather that the exclusive avenue is through the Court of Appeals. As relief, the plaintiff seeks to have his judgment voided, his conviction removed, release from prison, and an award for the

maximum dollar amount allotted by law for illegal imprisonment.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

This case should be dismissed as frivolous because plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed

---

[1] Id. at 327.

2

> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such a determination, or called into
> question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence"[2] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits and his claim is frivolous.

**IV. Recommendation**

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **DISMISSED** as frivolous and the plaintiff's Motion for Preliminary Injunction (Doc. 21) be **DENIED AS MOOT**.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

IT IS SO ORDERED.

DATED: May 6, 2008

/s/ James E, Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE