IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON KEITH RILEY (BEY),

    Plaintiff,

v.                                        Civil Action No. 5:07CV61
                                                             (STAMP)

JUDGE ROBERT MAXWELL,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] plaintiff, Aaron Keith Riley, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he alleges that the defendant's action led to his wrongful conviction and incarceration. Specifically, the plaintiff claims that while presiding over the plaintiff's criminal proceeding, the defendant violated the plaintiff's constitutional right to due process by ruling on his nationality claims. The plaintiff now seeks, through his complaint and a motion for a preliminary injunction, to have his judgment voided, his conviction removed, his release from prison, and the maximum dollar amount allowed by law for illegal imprisonment.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

Rule of Prisoner Litigation Procedure 83.01, 28 U.S.C. §§ 1915(e) and 1915A. On May 6, 2008, the magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed as frivolous, as well as the plaintiff's motion for preliminary injunction be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. <u>Discussion</u>

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Perkins v. Kansas Dep't of Corr.</u>, 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

3

Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous. The magistrate judge noted that a plaintiff bringing a civil rights action under 42 U.S.C. § 1983, in order to recover damages for allegedly unconstitutional conviction or imprisonment, must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called in to question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Because the plaintiff has failed to make any showing that he is entitled to recover damages for an allegedly unconstitutional conviction or imprisonment under

the law as set forth in Heck v. Humphrey, 512 U.S. at 477, the magistrate judge recommended that his complaint be dismissed.

This Court finds no clear error in the magistrate judge's report and recommendation. Indeed, the plaintiff's complaint is without arguable merit in law or fact, and even taking the plaintiff's allegations as true, he is entitled to no measure of relief in this Court. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the plaintiff's § 1983 complaint and motion for preliminary injunction be affirmed and adopted.

## IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claim is DENIED and DISMISSED WITH PREJUDICE, and the plaintiff's motion for preliminary injunction is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and

recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE